FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:24-CR-00119-MKD |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT |
| vs. | |
| JOSE LOPEZ-BELTRAN, | **ECF No. 40** |
| Defendant. | |

On December 4, 2024, the Court held a hearing on Defendant's Motion to Dismiss Indictment, ECF No. 40. ECF No. 42. Defendant appeared in custody and was represented by Nicholas Marchi. AUSA Tyler Tornabene represented the United States. Defendant was assisted by a federally certified interpreter.

Defendant moves to dismiss the Indictment on the ground that the underlying removal order is invalid. ECF No. 40. In particular, Defendant argues that his due process rights were violated because the immigration judge (IJ) inadequately advised him of the availability of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *Id.* at 5-6.

ORDER - 1

Following the hearing, the Court directed defense counsel to file the recording of the group proceedings of the removal hearing, which were omitted from the transcript attached to Defendant's motion. ECF No. 45. The Court later invited the parties to submit additional briefing on the advisements given in the group proceedings. ECF No. 48. The Court has reviewed the briefing and exhibits and the record and is fully informed. For the below reasons, the Court denies Defendant's motion.

## BACKGROUND

The Indictment charges Defendant with one count of 8 U.S.C. § 1326 based on a prior removal on July 2, 2019. ECF No. 17. According to the immigration case documents attached to Defendant's motion, DHS issued a Notice to Appear on May 28, 2019. ECF No. 40-1 at 2. The Notice cited INA § 212(a)(6)(A)(i) as the ground for removal—presence in the United States without being admitted or paroled, or arrival in the U.S. at any time or place other than as designated by the Attorney General. *Id.* On June 25, 2019, the IJ conducted removal proceedings and entered a written order of removal, which noted that Defendant's "application for voluntary departure was denied" and that Defendant "waived the opportunity to apply for asylum, withholding of removal, and withholding under [the] convention against torture." *Id.* at 4.

## LEGAL STANDARD

8 U.S.C. § 1326(d) imposes certain requirements on collateral challenges to the removal order underlying a Section 1326(a) offense:

> **(d) Limitation on collateral attack on underlying deportation order**
> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that--
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

"An underlying removal order is 'fundamentally unfair' if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (citation, quotation marks, and alteration omitted).

Although the Ninth Circuit had previously held that errors by the immigration judge "may *excuse* an alien from satisfying certain of § 1326(d)'s requirements," this approach was abrogated by the Supreme Court in *United States v. Palomar-Santiago*, 593 U.S. 321 (2021). *United States v. Portillo-Gonzalez*, 80 F.4th 910, 913 (9th Cir. 2023). In *Portillo-Gonzalez*, the Ninth Circuit also

ORDER - 3

concluded that *Palomar-Santiago* abrogated parallel Circuit law "holding that such errors may serve to automatically establish that [the § 1326(d)] requirements have been *met*." *Id.* (emphasis in original). In other words, "all three requirements [of § 1326(d)] must be satisfied, even where an alien's removal order was substantively invalid." *Id.* at 917 (discussing *Palomar-Santiago*, 593 U.S. at 327).

## DISCUSSION

### A. Advisements at Immigration Hearing

Defendant's June 25, 2019, immigration hearing was divided into two parts: the IJ first conducted group proceedings with all respondents, then conducted individual proceedings with each respondent. *See* ECF No. 47.

During the group proceedings, the IJ provided an outline of the forthcoming proceedings, then advised the respondents of the following rights: to be represented by an attorney; to present a case against their removal; to apply for asylum, withholding of removal, and protection under the CAT; to appeal the immigration judge's decision; and to apply for voluntary departure. *See id.* (audio recording at 02:43 to 07:52). The IJ advised the respondents of the potential criminal charges for returning to the United States after a removal order without special permission. *See id.* (audio recording at 07:52 to 09:28). A Spanish interpreter is audible on the recording, generally interpreting the IJ's advisements

ORDER - 4

consecutively, after each sentence or during mid-sentence pauses. *See id.* (audio recording at 03:32 to 09:28).

The advisements relevant to this motion—regarding asylum, withholding of removal, and protection under the CAT—were as follows:

> **IJ:** If the law says that you must be removed, you have the right to name a country of removal.
>
> [interpreter speaking]
>
> **IJ:** *If you are afraid to return to your country, you can choose not to name a country of removal.*
>
> [interpreter speaking]
>
> **IJ:** *And you can apply for asylum, withholding and protection under the Convention Against Torture*.
>
> [interpreter speaking]
>
> **IJ:** You must file your asylum application within 1 year of your last entry into the United States or you may become ineligible for asylum.
>
> [interpreter speaking]
>
> **IJ:** Each—today, each of you will receive a copy of a notice to asylum that tells you about the deadline for filing an asylum application.
>
> [interpreter speaking]
>
> **IJ:** The copy of that notice will be placed in your record of proceeding.
>
> [interpreter speaking]

*Id.* (audio recording at 05:40 to 06:48) (emphases added).

Defendant was the first to have individual proceedings. *See id.* (audio recording beginning at 09:28). The IJ inquired what language Defendant spoke

ORDER - 5

1 and understood best; Defendant indicated it was Spanish, and the IJ directed

2 Defendant to "use the headphones." *Id.* (audio recording at 09:27 to 09:52). The

3 interpreter shifted to concurrent interpretation for the individual proceedings. *See*

4 *id.*

5  From this point forward, the Court refers to Defendant's transcript of the

6 individual colloquy, while supplementing the transcript based on the Court's

7 review of the audio recording.

8  The IJ asked Defendant to confirm his full name and asked if he

9 "underst[ood] all the rights I explained to you earlier in the group," which

10 Defendant affirmed. ECF No. 40-1 at 6. The IJ asked, "Do you want more time to

11 try and find a lawyer to prepare your case?" *Id.* Defendant replied, "No. . . . I can

12 proceed on my own." *Id.*

13  Defendant stated he was eighteen years old. *Id.* The IJ advised Defendant

14 that he might be eligible for special immigrant juvenile status through state court

15 proceedings. *Id.* at 6-7. The IJ asked, "Do you have any medical or mental health

16 problems you want to say anything about?" *Id.* at 7; *see* ECF No. 47 (audio

17 recording at 11:50 to 11:56). Defendant replied, "No." ECF No. 40-1 at 7.

18  The IJ asked whether Defendant wanted to proceed "without a lawyer" and

19 would speak for himself. *Id.* Defendant affirmed. *Id.* The IJ found that

20 Defendant waived his right to counsel. *Id.*

ORDER - 6

The IJ observed that Defendant had received an "evidence packet with [his] picture on it." *Id.*; *see* ECF No. 47 (audio recording at 12:13 to 12:20). The IJ then summarized the grounds for removal and confirmed Defendant understood these. ECF No. 40-1 at 7-8. In response to the IJ's inquiries, Defendant admitted that he was not a U.S. citizen, was a citizen of Mexico, and at the time of his last entry into the United States, had not been admitted or paroled after inspection by an immigration officer. *Id.* at 8.

> [**IJ:**] Based on your admission to the sustained charge . . . you have to be removed from the United States, do you want to name your country as the country of removal?
>
> [**Defendant, through Interpreter:**] What does that mean?
>
> [**IJ:**] Well if—if it should come to the point where the— you are—I have to order that you be removed from the United States under the law, you do have the right to choose the country that you would be removed to. You don't have to name a country. So, I am just asking you if it should come to that, if you have to be ordered removed from the United States, do you want to name your country, Mexico, as the country that you would be removed to?
>
> [**Defendant, through Interpreter:**] Yes.
>
> [**IJ:**] Are you afraid to return to Mexico?
>
> [**Defendant, through Interpreter:**] No.
>
> [**IJ:**] I find that you've waived your right to apply for asylum, withholding, and the protection of the convention against torture.

*Id.* at 8-9; *see* ECF No. 47 (audio recording at 13:11-14:12).

ORDER - 7

In response to the IJ's inquiries, Defendant stated he first entered the United States in approximately 2014, at age 12 or 13, and was brought by family. ECF No. 40-1 at 9-10. He denied being married or having children. *Id.* at 10. He denied that his parents were U.S. citizens or lawful permanent residents. *Id.* He denied having been the victim of a violent crime while in the United States. *Id.* He denied that anyone had filed a visa petition on his behalf. *Id.*

The IJ inquired whether Defendant wished to apply for relief from removal:

> [**IJ:**] I don't see that you are eligible for any forms of relief for removal in this court other than voluntary departure. What do you want to do? Do you to try to - you just want to go back to Mexico, or you want to try to apply for some form of relief that would allow you to stay in the United States?
>
> [**Defendant, through Interpreter:**] No, I just want my voluntary departure.

*Id.* at 11.

The IJ asked government counsel and Defendant several questions about Defendant's state criminal proceedings in Adams County; Defendant stated he had pleaded guilty under a plea agreement and received a three-month sentence. *Id.* at 11-12. Defendant stated he had attended school in the United States and "was supposed to graduate this month" from high school. *Id.* at 12. He indicated he had worked over the summer in agriculture. *Id.* He explained that he had lived with

ORDER - 8

his parents when he came to the United States but went to live with his uncle three years ago. *Id.*

The IJ noted that Defendant's state offenses seemed "pretty serious" and confirmed that those were the offenses he had pleaded guilty to. *Id.* at 13-14. The IJ denied Defendant's request for voluntary departure "in light of [his] criminal history" and ordered him removed to Mexico. *Id.* at 14. Defendant confirmed that he understood the ruling. *Id.*

The IJ addressed Defendant's appeal rights:

> [**IJ:**] You have the right to appeal my decision with the board of immigration appeals in Virginia. Or you can accept this as a final decision and end the case today. Do you want to appeal the decision or accept it as a final decision?
>
> [**Defendant, through Interpreter:**] No, it is a final decision.
>
> [**IJ:**] Are you waiving your right to appeal?
>
> [**Defendant, through Interpreter:**] Yes sir.

*Id.* Finally, the IJ noted that the removal order made Defendant ineligible for bond and denied Defendant's bond request. *Id.*

**B. Section 1326(d) Requirements**

*1. Fundamental Unfairness*

Defendant argues that the IJ violated his due process rights by not providing him a more detailed explanation of the nature and requirements of asylum, withholding of removal, and CAT protection in his individual colloquy. ECF No.

ORDER - 9

1 | 40 at 6; ECF No. 49 at 3-4.  But he provides no case law indicating there is a

2 | minimum level of detail an IJ must provide in advising a noncitizen of these forms

3 | of potential relief, or that the IJ may not provide such advisements in initial group

4 | proceedings.

5 |       The Ninth Circuit has found that it is "mandatory" for an IJ to advise a

6 | noncitizen of possible relief from removal if "the record contains an inference" that

7 | the noncitizen is eligible for that relief.  *United States v. Arrieta*, 224 F.3d 1076,

8 | 1079 (9th Cir. 2000); *see also United States v. Rojas-Osorio*, 381 F. Supp. 3d

9 | 1216, 1228 (N.D. Cal. 2019) (quoting *Arrieta*, 224 F.3d at 1079).

10 |       First, the IJ did, in fact, advise Defendant of the possibility of asylum,

11 | withholding, and CAT protection.  The IJ advised of the availability of such relief

12 | during the group proceedings.  *See* transcription of ECF No. 47, *supra*.  The IJ

13 | followed up on this advisement with Defendant individually, first asking whether

14 | Defendant wanted to specify Mexico, his country of citizenship, as his country of

15 | removal.  ECF No. 40-1 at 8.  Defendant asked for clarification, and the IJ

16 | rephrased this question.  ECF No. 40-1 at 8-9.  Defendant confirmed he wanted to

17 | list Mexico as his country of removal, and the IJ followed up by asking, "Are you

18 | afraid to return to Mexico?"  *Id.* at 9.  Defendant replied, "No."  *Id.*  Defendant has

19 | not demonstrated that this was an insufficient advisement under *Arrieta*.  His cited

20 | case law involved removal proceedings in which the IJ had given essentially no

ORDER - 10

1  advisement at all about the defendant's potential eligibility for relief.[1]  These cases

2  are plainly distinguishable from this case, where Defendant does not dispute that

3  he was correctly advised of this relief and simply argues that the advisements

4  should have been more fulsome.

---

[1] *See, e.g., Ubaldo-Figueroa*, 364 F.3d at 1046-48 (finding due process violation where the interpreter had not translated the IJ's advisements of the grounds for removal, the possibility of relief from removal, or the right to appeal); *Arrieta*, 224 F.3d at 1078-79 (finding due process violation where the IJ had not mentioned any forms of removal relief despite having indication that the defendant was eligible for relief under INA § 212(h)); *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1203-04 (9th Cir. 2004) (finding a due process violation because the IJ failed to inform the defendant that he was eligible for voluntary departure or any other form of relief from removal); *United States v. Rojas-Osorio*, 381 F. Supp. 3d 1216, 1228-29 (N.D. Cal. 2019) (finding a due process violation where the IJ's only mention of voluntary departure was in colloquy with government counsel); *United States v. Melendez-Castro*, 671 F.3d 950, 954 (9th Cir. 2012) (finding a due process violation where the IJ "at first" advised that the defendant was eligible for voluntary departure but "almost in the same breath" added "that he would not get the relief if he applied for it because he had a criminal record").

ORDER - 11

Second, Defendant has not shown that the IJ was required to advise him under the *Arrieta* standard, nor that he suffered any prejudice from the alleged due process violation. *See Arrieta*, 224 F.3d at 1079. He suggests he would have had a "plausible claim" for asylum, withholding, or CAT protection and recites the eligibility standards for withholding and CAT relief.[2] But he provides no facts

---

[2] An applicant for asylum must demonstrate they are "unable or unwilling to return to [their] country of origin because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or opinion." *Singh v. Garland*, 57 F.4th 643, 652 (9th Cir. 2023) (citation and quotation marks omitted).

Withholding of removal requires the applicant to "establish a clear probability that [their] life or freedom would be threatened upon return [to their country] because of a protected category." *Id.* at 658 (citations and quotation marks omitted). However, "an applicant who fails to satisfy the lower standard of proof required to establish eligibility for asylum necessarily fails to demonstrate eligibility for withholding." *Id.* (citation, quotation marks, and alterations omitted).

Finally, a claim for CAT relief requires the applicant to "establish that it is more likely than not that [they] will be tortured" if returned to their country by a

ORDER - 12

indicating he could have met these eligibility requirements, let alone any facts that were in the record before the IJ. On the contrary, the record currently before the Court supports the inference that Defendant was *not* eligible for asylum, withholding, or CAT protection and did not want to remain in the United States: Defendant confirmed that he wanted to list Mexico as his country of removal, denied being afraid to return to Mexico, and said he had not come to the United States of his own volition ("I did not want to come here"). *See* ECF No. 40-1 at 8-9. Later, when the IJ asked Defendant generally if he "want[ed] to try to apply for some form of relief that would allow [him] to stay in the United States," Defendant replied, "No, I just want my voluntary departure." *Id.* at 11.

In summary, Defendant has not shown that his removal proceedings involved a due process violation or prejudice, therefore he has not shown that the removal order was fundamentally unfair.

*2. Administrative Exhaustion and Deprivation of Judicial Review*

In addition, Defendant has also not shown he meets the requirements of Section 1326(d)(1) and (2). Defendant's motion focused on the "fundamentally unfair" prong of Section 1326(d)(3). *See* ECF No. 40 at 5-6. He acknowledged

---

public official or a person acting under official direction, consent, or acquiescence. *Id.* at 658-59 (citations omitted).

ORDER - 13

1  but did not provide substantive argument about the other two prongs,

2  administrative exhaustion and deprivation of judicial review. *See id.* at 3 (citing 8

3  U.S.C. § 1326(d)). The United States underscored these omissions in its response.

4  ECF No. 41.

5   At the hearing, Defendant cited *United States v. Valdivias-Soto*, 112 F.4th

6  713 (9th Cir. 2024), arguing that the administrative exhaustion and deprivation of

7  judicial review prongs were not required if the IJ misstated or misapplied the

8  procedural standard for relief from removal. *See* ECF No. 42. This oversimplifies

9  the holding of *Valdivias-Soto*, and Defendant's circumstances are clearly

10 distinguishable.

11  In *Valdivias-Soto*, the defendant argued that his underlying removal order

12 was invalid because there had been repeated mistranslation of the immigration

13 judge's advisement of the right to counsel. 112 F.4th at 718-19. The interpreter

14 had "us[ed] the verb 'contratar,' meaning 'to hire,'" even though the attorneys on

15 the list [the d]efendant was provided had confirmed they could take cases for free

16 or a reduced fee. *Id.* at 719.

17  The Ninth Circuit addressed the fundamental unfairness prong first,

18 concluding that the translation errors reasonably misled the defendant to believe

19 that his right to counsel did not include a right to pro bono counsel. *Id.* at 722-24.

20 The "inadequacy" of the IJ's advisement was "even more stark" given that the

ORDER - 14

1  defendant had cognitive impairments that affected "his ability to understand

2  complex information and deliberate among options." *Id.* at 724.  The court

3  concluded that the defendant's waivers of counsel and appeal were not "considered

4  and intelligent" due to the mistranslation and that the IJ's acceptance of those

5  waivers violated due process.

6  Next, the court incorporated recent Supreme Court and Ninth Circuit case

7  law to clarify the administrative exhaustion requirement, then concluded the

8  defendant had met that requirement.  *See id.* at 730-33 (discussing *Ross v. Blake*,

9  578 U.S. 632 (2016); *Palomar-Santiago*, 593 U.S. 321; and *Portillo-Gonzalez*, 80

10  F.4th 910).

> Together, *Ross*, *Palomar-Santiago*, and *Portillo-Gonzalez* delineate several contours of § 1326(d)(1)'s exhaustion requirement.  First, the exhaustion requirement—like all § 1326(d)'s requirements—must be satisfied in every case.  But defendants need only have exhausted administrative remedies that were available to them. . . . . To identify when a remedy is incapable of use and thus unavailable, it is necessary to look to the real-world workings of the immigration court system. . . . But at a minimum, such circumstances include those identified in *Ross*, including when immigration officials thwart respondents from taking advantage of a remedy through misrepresentation. . . .
>
> Not *every* misstatement by an IJ, however, will satisfy § 1326(d)(1)'s textual exception.  In particular, an IJ's substantive error of immigration law does not excuse a defendant from administratively appealing if further administrative review, and then judicial review if necessary, exists to fix that very type of error. . . . On the

ORDER - 15

> other hand, administrative remedies are not available if the IJ misled the defendant as to the existence or rules of the process for obtaining them. . . .

*Id.* at 731-32 (citations, alterations, quotation marks, and footnote omitted) (emphasis in original).  Applying this standard, the court concluded that the right to counsel was a "*procedural* protection," therefore the IJ had misstated "the *procedural rules* for obtaining administrative remedies." *Id.* at 732 (citation omitted) (emphases in original).  This "'thwarted' him from appealing his removal order" to the Board of Immigration Appeals, such that "no further administrative remedies were 'available' to him." *Id.* at 732-33 (quoting *Ross*, 578 U.S. at 644) (alteration omitted).

Finally, the court considered whether the defendant had been deprived of judicial review. *Id.* at 733.  The court noted that an administrative appeal was "typically" a prerequisite for judicial review of a removal order. *Id.* (citing 8 U.S.C. § 1252(d)(1)).  Therefore, "[n]oncitizens who are unable to appeal their removal order because they entered a waiver of their right to appeal that was not considered and intelligent have been improperly deprived of judicial review." *Id.* (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987)).  Having found that the defendant's appeal waiver was invalid, the court concluded that he had been "improperly deprived" of judicial review under Section 1326(d)(2). *Id.*

ORDER - 16

In contrast to the circumstances present in *Valdivias-Soto*, Defendant does not challenge the sufficiency of his waivers of the right to counsel or the right to appeal, nor does he contend that the interpretation of the proceedings was defective in any way. He does not otherwise contend that he was misled about the process for obtaining administrative or judicial review of the removal order. Therefore, he has not demonstrated the requirements of Section 1326(d)(1) and (d)(2).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Indictment, **ECF No. 40**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

DATED January 10, 2025.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 17